IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MASONRY INDUSTRY TRUST ADMINISTRATION, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CAVICO NORTHWEST, LLC**, an Oregon limited liability company, and **WILLIAM EDMUNSON**, an individual,<br><br>Defendants. | Case No. 3:16-cv-763-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Masonry Industry Trust Administration, Inc. brings claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 141-97, against Cavico Northwest, LLC ("Cavico") and William Edmunson ("Edmunson") (collectively, "Defendants"). Plaintiff, an administrative agent for several ERISA funds, alleges that Defendants have failed to make contributions to the funds required by a collective bargaining agreement. Defendants failed to answer or otherwise respond to Plaintiff's Complaint, and on June 29, 2016, the Court entered

PAGE 1 – OPINION AND ORDER

an Order of Default against Defendants. ECF 14. Before the Court is Plaintiff's motion for a default judgment against Defendants. For the reasons that follow, Plaintiff's motion is granted.

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at

PAGE 2 – OPINION AND ORDER

852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Because the Court has entered default against Defendants, the facts as alleged by Plaintiff, except those relating to damages, are taken as true and summarized herein. Plaintiff is the administrative agent for the "Cement Masons-Employers Pension Trust Fund, the Cement Masons-Employers Health and Welfare Trust Fund, the Oregon-Washington Cement Masons-Employers Apprenticeship & Training Trust Fund, the Cement Masons-Employers Vacation Trust Fund, and other funds serving the needs of the applicable employers and employees" (collectively, the "Funds"). Complaint ¶ 1-2. Defendants are parties to a collective bargaining agreement with the Funds, which require Defendants to pay wages and make contributions to the Funds on behalf of their employees. Complaint ¶ 7. Defendants have failed to pay all wages and contributions as required under the collective bargaining agreement. Complaint ¶ 9.

The Court entered an Order of Default against Defendants on June 29, 2016. ECF 14. On March 7, 2016, Plaintiff filed a motion for default judgment against defendants, seeking payment of contributions that Defendants owed to the Funds between August 2015 and November 2015,

as well as liquidated damages and interest for that period. Plaintiff also seeks attorneys' fees and costs, but has not requested those fees and costs in this motion.

## DISCUSSION

Under ERISA,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. The Court finds that the factual allegations in the Complaint establish these elements against Defendants. Against Edmunson, the Court observes that Plaintiff alleges: "Edmunson is . . . individually liable under the agreement," "Defendants were parties to a written collective bargaining agreement," Defendants were "signator[ies]" to that agreement, and Defendants "agreed to be bound by the terms of the Agreements." Complaint ¶ 3, 6-8. The Court notes that the "Cement Masons Memorandum Agreement" filed with the motion is between "Cavico Northwest, herein referred to as the 'Employer'" and the union. ECF 17-1 at 1. Edmunson has signed that agreement, but only as "Authorized Representative" and "President" of Cavico Northwest. ECF 17-1 at 4. Article 5 of the agreement states: "If the Employer is a corporation, or other than an individual, the individual signing this Agreement on behalf of the Employer acknowledges that his or her signature binds himself or herself individually, as well as the corporation or other business entity." ECF 17-1 at 2. Thus, Edmunson was also required to make contributions under the collective bargaining agreement.

The Court does not accept as true the allegations relating to damages. Plaintiff attaches declarations and documents to its motion for default judgment, including a declaration by an administrator for Plaintiff that details the amounts owed by Defendants (ECF 17); a copy of a compliance agreement, dated March 21, 2013 (ECF 17-1 at 1-4); a copy of the collective

PAGE 4 – OPINION AND ORDER

bargaining agreement (ECF 17-1 at 4-20), copies of the agreements that created the Funds (ECF 17-1 at 21-28); copies of monthly reports showing the hours worked by covered employees from August 2015 through November 2015 (ECF 17-1 at 29-32); and calculations of the unpaid contributions due (ECF 17-1 at 33-38). For the period August 2015 through November 2015, Plaintiff seeks $51,814.40 in unpaid contributions; $6,982.90 in interest through December 31, 2016, with interest continuing to accrue on the amount of the unpaid contributions at the rate of $16.37 per day until full payment of the principal; and $4,423.68 in liquidated damages. ECF 17 ¶ 16; ECF 17-1 at 33. The Court finds that Plaintiff has met its burden to establish damages. The Court also finds that the *Eitel* factors weigh in favor of entering the default judgment.

## CONCLUSION

Plaintiff's Motion for Default Judgment (ECF 15) is GRANTED. Plaintiff shall prepare a proposed judgment and file it with the Court.

**IT IS SO ORDERED**.

DATED this 28th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge