# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

|   |   |
|---|---|
| **MASONRY INDUSTRY TRUST ADMINISTRATION, INC.**, an Oregon corporation, | Case No. 3:16-cv-763-SI |
|  | **ORDER** |
| Plaintiff, |  |
| v. |  |
| **CAVICO NORTHWEST, LLC**, an Oregon limited liability company, and **WILLIAM EDMUNSON**, an individual, |  |
| Defendants. |  |

**Michael H. Simon, District Judge.**

Plaintiff Masonry Industry Trust Administration, Inc. brings claims under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor

Management Relations Act of 1947, 29 U.S.C. § 141-97, against Cavico Northwest, LLC and

William Edmunson (collectively, "Defendants"). Plaintiff, an administrative agent for several

ERISA funds, alleges that Defendants have failed to make contributions to the funds required by

a collective bargaining agreement. The Court entered default judgment for Plaintiff on April 28,

2017. ECF 20. Before the Court is Plaintiff's Motion for Attorney Fees (ECF 21) and Bill of

Costs (ECF 22). For the reasons that follow, Plaintiff's motion and bill of costs are granted.

Under ERISA, "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2)(D). The Court entered judgement for Plaintiff in its action to enforce Section 1145. *See* ECF 18 at 2. Thus, Plaintiff is entitled to reasonable attorney's fees and costs.

Fee awards in ERISA cases "are calculated using a hybrid lodestar / multiplier approach." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999) (applying this approach to an award of fees under Section 1132(g)(1)). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by [the Ninth Circuit]." *Id.* The Ninth Circuit instructs courts to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979); *see Kemis v. McGoldrick*, 706 F.2d 993, 997-98 (9th Cir. 1983) (holding that a district court should consider the *Seymour* factors in assessing the reasonableness of attorney's fees under Section 1132(g)(2)). Attorney's fees under Section 1132(g)(2)(D) may "compensate for work performed by non-attorneys." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redlands Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006).

Plaintiff requests $2,592.00 in attorney's fees for 13.6 hours worked by Attorney Bradley L. Middleton, at a rate of $180 per hour, and 1.6 hours of legal assistant work at a rate of $90 per hour. Plaintiff does not seek a multiplier. Plaintiff also seeks $400 in costs for filing this lawsuit. Based on the Oregon State Bar 2012 Economic Survey, available at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf, the Court finds an hourly rate of $180 reasonable. The Court also finds that the number of hours sought are reasonable. Finally, the Court finds that $400 in costs is reasonable.

Plaintiff's Motion for Attorney Fees (ECF 21) and Bill of Costs (ECF 22) are GRANTED. Plaintiff is awarded $2,592 in attorney's fees and $400 in costs.

**IT IS SO ORDERED.**

DATED this 18th day of May, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge